**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 13-4453**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LISA ELLEN BIFIELD, a/k/a Lisa Ellen Meyers, a/k/a Lisa
Ellen Stockton,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:12-cr-00430-CMC-10)

—————————

Submitted:  October 18, 2013       Decided:  October 23, 2013

—————————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

—————————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

—————————

David Bruce Betts, Columbia, South Carolina, for Appellant.
Julius Ness Richardson, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa Bifield appeals the district court's judgment sentencing her to eighty-four months' imprisonment. Bifield pled guilty, pursuant to a written plea agreement, as amended, to possession of a firearm in furtherance of drug trafficking and crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The Government has moved to dismiss Bifield's appeal pursuant to the waiver of appellate rights in her plea agreement. Bifield contends that she did not knowingly and intelligently waive her right to appeal and that her trial counsel was ineffective for advising her to plead guilty. We grant in part the motion to dismiss and dismiss the appeal of the sentence, and we deny the motion in part and affirm the conviction.

To the extent Bifield asserts that she did not knowingly and voluntarily enter her guilty plea, we conclude that the record belies her claim. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Bifield also contends that she did not knowingly waive her appellate rights. Pursuant to a plea agreement, a defendant may waive her appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude an "appeal[] [of] a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." United

2

States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "An appellate waiver is valid if the defendant knowingly and intelligently agreed to [waive the right to appeal]." Manigan, 592 F.3d at 627. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances." Id. (internal quotation marks omitted). "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." Id.; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question whether a defendant validly waived her right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Bifield contends that her waiver was not knowing and intelligent. Upon review of the record, we conclude that the district court adequately explained the implications of the waiver during the Rule 11 colloquy with regard to Bifield's right to appeal her sentence. Bifield stated that she understood the waiver as explained and had no questions regarding its operation. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Therefore, we grant the Government's motion in part and dismiss Bifield's appeal to the extent that she challenges her sentence.

3

Because the district court did not explicitly discuss the appellate waiver with regard to Bifield's conviction and because Bifield's claims of ineffective assistance of trial counsel are, in any event, not barred by the waiver, we deny in part the Government's motion to dismiss. See Manigan, 592 F.3d at 627; Johnson, 410 F.3d at 151 (stating ineffective assistance claims following entry of guilty plea cannot be waived); see also Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing standard). Nevertheless, ineffective assistance of counsel claims are not generally cognizable on appeal unless ineffective assistance "conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We decline to review Bifield's ineffective assistance claims on direct appeal because ineffective assistance does not conclusively appear on this record. Bifield must bring her claim — if at all — in a 28 U.S.C.A. § 2255 (West Supp. 2013) motion in order to allow for adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, we grant in part the Government's motion and dismiss the appeal of the sentence, and we deny the motion in part and affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
